**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

MULTIMEDIA TECHNOLOGIES PTE. LTD.,

                Plaintiff,

     vs.

Vizio, INC.

                Defendant.

Civil Action No.  2:23-cv-124

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Multimedia Technologies Pte. Ltd. ("Multimedia") files this complaint for patent infringement pursuant to 35 U.S.C. §§ 100 *et seq*. against Defendant Vizio, Inc. ("Vizio" or "Defendant"), for infringement of U.S. Patent Nos. 9,055,255 ("the '255 Patent"), 9,232,168 ("the '168 Patent"), 9,247,174 ("the '174 Patent"), 9,510,040 ("the '040 Patent"), 9,578,384 ("the '384 Patent"), 10,419,805 ("the '805 Patent"), 9,215,393 ("the '393 Patent"), 9,426,527 ("the '527 Patent"), 9,077,928 ("the '928 Patent"), and 9,185,325 ("the '325 Patent"; collectively with the '255, '168, '174, '040, '384, '805, '393,'527, and '928 Patents, "the Asserted Patents") and alleges as follows:

**I. THE PARTIES**

1.     Multimedia is a corporation organized under the laws of Singapore, having a place of business at 160 Robinson Road, #24-09, SBF Center, Singapore, 068914.

2.     Multimedia is the sole and exclusive rightful owner of the Asserted Patents and holds, *inter alia*, the sole and exclusive right to sue and collect damages for past infringement.

3.     Upon information and belief, Vizio, Inc. is a company organized and existing under the laws of California, with a principal place of business at 39 Tesla, Irvine, California

92618. Vizio may be served through its registered agent, Registered Agent Solutions, Inc., at 1220 S Street, Suite 150, Sacramento, California 95811.

4.      On information and belief, Vizio is a foreign corporation registered to transact business in the State of Texas. On information and belief, Vizio regularly conducts and transacts business in the State of Texas directly or through intermediaries, throughout the United States, and within this District, and as set forth below, has committed and continues to commit, tortious acts of infringement within and outside the State of Texas and within this District.

## II. JURISDICTION AND VENUE

5.      As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, this Court has exclusive subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Vizio pursuant to due process and the Texas Long Arm Statute because, *inter alia*, (a) Vizio has done and continues to do business in the United States, including in the State of Texas and in this District; (b) Vizio has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas and this District, including making, using, offering to sell and/or selling infringing products in the United States and Texas, and/or importing infringing products into the United States and Texas and this District, including by Internet sale and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in the United States and Texas and this District, and/or committing at least a portion of any other infringements alleged herein.

7.      Upon information and belief, Vizio maintains a place of business at 14901 Quorum Dr, Dallas, TX 75254.

8.      Upon information and belief, Vizio's systematic and continuous business activities in Texas and this District include employing at least five individuals who work in this District: Barry Woodward, located in Flower Mound, TX; Ed Okerson, located in Plano, TX;

Moses Thompson, located in Allen, TX; Ramya Swaminathan, located in Carrolton, TX; and Shane Taylor, located in Denton, TX. *See* Ex. A (Woodward's LinkedIn profile, https://www.linkedin.com/in/barry-woodward-7624992) (last accessed March 24, 2023); Ex. B (Okerson's LinkedIn profile, https://www.linkedin.com/in/ed-okerson-43553b1) (last accessed March 24, 2023); Ex. C (Thompson's LinkedIn profile, https://www.linkedin.com/in/ mosesthompson1) (last accessed March 24, 2023); Ex. D (Swaminathan's LinkedIn profile, https://www.linkedin.com/in/ramya-swaminathan-06ba89a5) (last accessed March 24, 2023); and Ex. E (Taylor's LinkedIn profile, https://www.linkedin.com/in/shane-taylor-545366135) (last accessed March 24, 2023). Accordingly, upon information and belief, Vizio has maintained regular and established places of business in this District, including but not limited to, in Plano, TX, Flower Mound, TX, Allen, TX, Carrolton, TX, and Denton, TX. *See* Ex. A-E. Vizio further is attempting to hire additional employees located in Texas generally and this District specifically. In particular, Vizio is recruiting and attempting to hire "hybrid" employees, who are intended to work partially at Vizio's Dallas office, located at 14901 Quorum Dr, Dallas, TX 75254, and partially remotely, including within this District. *See* Ex. F (LinkedIn post advertising hybrid position for Senior Manager, HRIS, https://www.linkedin.com/jobs/view/ 3511752578) (last accessed March 24, 2023) and Ex. G (LinkedIn post advertising hybrid position for Staff HRIS Analyst, https://www.linkedin.com/jobs/view/3511747680) (last accessed March 24, 2023).

9. Upon information and belief, Vizio's systematic and continuous business activities in Texas and this District further include operating, in conjunction with iDC Logistics, or otherwise using a distribution center located in this District at 2773 TX-114, Fort Worth, TX 76177, to distribute Vizio's infringing products throughout Texas and this District. *See* https://www.businessyab.com/explore/united_states/texas/denton_county/fort_worth/texas_11 4/2773/idc-logistics-ft-worth-tx-626-606-0360.html (noting "This is VIZIO") (last accessed

March 24, 2023).

10.    Upon information and belief, Vizio has sold, is selling and offers to sell infringing products across the entirety of Texas and specifically in this District through one or more authorized resellers and distributors including but not limited to: Costco and Sam's Club and mass market retailers such as Best Buy, Target and Wal-Mart. On information and belief, these retail stores, collectively, have over 25 outlets in this District, and these retailers currently sell and/or offer for sale Vizio television products. Further, Vizio, through its website, directly sells product through distributors based in the District:



https://www.vizio.com/en/tv/d-series/D24fM-K01.

11.    Vizio has placed and/or contributed to placing infringing products into the stream of commerce via established distribution channels, knowing or understanding that such products would be sold in the United States, including in this District.

12.    Venue is proper in this District as to Vizio pursuant to 28 U.S.C. § 1400(b), at least because Vizio has a regular and established place of business in this District, and has committed acts of patent infringement in this District. Upon information and belief, Vizio's acts of infringement in this District include, but are not limited to, the use, sale, offer for sale, and/or importation into the United States of Vizio televisions and associated remotes.

### III. THE PATENTS-IN-SUIT

13.    The '255 Patent, entitled "LIVE TELEVISION APPLICATION ON TOP OF LIVE FEED," was lawfully issued by the United States Patent and Trademark Office on June 9, 2015. A true and correct copy of the '255 Patent is attached as **Exhibit H**.

14.    The '255 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15.    Multimedia is the owner, by assignment, of the '255 Patent.

16.    The '168 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING USER INTERFACES IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on January 5, 2016. A true and correct copy of the '168 Patent is attached as **Exhibit I.**

17.    The '168 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

18.    Multimedia is the owner, by assignment, of the '168 Patent.

19.    The '174 Patent, entitled "PANEL USER INTERFACE FOR AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and

Trademark Office on January 26, 2016. A true and correct copy of the '174 Patent is attached as **Exhibit J.**

20.    The '174 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

21.    Multimedia is the owner, by assignment, of the '174 Patent.

22.    The '040 Patent, entitled "GLOBAL PANEL," was lawfully issued by the United States Patent and Trademark Office on November 29, 2016. A true and correct copy of the '040 Patent is attached as **Exhibit K**.

23.    The '040 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24.    Multimedia is the owner, by assignment, of the '040 Patent.

25.    The '384 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING VIDEO ON DEMAND IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on February 21, 2017. A true and correct copy of the '384 Patent is attached as **Exhibit L**.

26.    The '384 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27.    Multimedia is the owner, by assignment, of the '384 Patent.

28.    The '805 Patent, entitled "DATA SERVICE," was lawfully issued by the United States Patent and Trademark Office on September 17, 2019. A true and correct copy of the '805 Patent is attached as **Exhibit M**.

29.    The '805 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

30.    Multimedia is the owner, by assignment, of the '805 Patent.

31.    The '393 Patent, entitled "ON-DEMAND CREATION OF REPORTS," was

lawfully issued by the United States Patent and Trademark Office on December 15, 2015. A true and correct copy of the '393 Patent is attached as **Exhibit N**.

32.     The '393 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

33.     Multimedia is the owner, by assignment, of the '393 Patent.

34.     The '527 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING VIDEO ON DEMAND IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on August 23, 2016. A true and correct copy of the '527 Patent is attached as **Exhibit O**.

35.     The '527 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

36.     Multimedia is the owner, by assignment, of the '527 Patent.

37.     The '928 Patent, entitled "DATA REPORTING OF USAGE STATISTICS," was lawfully issued by the United States Patent and Trademark Office on July 7, 2015. A true and correct copy of the '928 Patent is attached as **Exhibit P**.

38.     The '928 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

39.     Multimedia is the owner, by assignment, of the '928 Patent.

40.     The '325 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING VIDEO ON DEMAND IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on November 10, 2015. A true and correct copy of the '325 Patent is attached as **Exhibit Q**.

41.     The '325 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42.     Multimedia is the owner, by assignment, of the '325 Patent.

43.    Multimedia asserts and alleges that Vizio has infringed and continues to infringe at least one claim of each of the '255, '168, '174, '040, '384, '805, '393, '527, '928, and '325 Patents.

## IV. FACTUAL ALLEGATIONS

### Introduction

44.    Flextronics International Ltd, now Flex Ltd, (collectively, "Flex"), is a leading designer of user interfaces and other technology related thereto for televisions and smartphones, among other electronics fields.

45.    On or about January 2012, Flex formed along with Hisense Group ("Hisense")—one of the leading consumer and electronics goods manufacturers in China—Jamdeo, a joint venture to serve as a design and engineering company that develops end-to-end solutions for clients who manufacture Smart TVs, set top boxes, OTT boxes and sticks.

46.    One of Jamdeo's successes was the development of a platform that was integrated into Hisense's VIDAA TV, which has been sold to millions across China and is highly regarded.

47.    Hisense's VIDAA TV debuted in 2013 in China.

48.    Previously, Hisense's efforts to develop Smart TVs that were competitive with the offerings of other manufacturers—such as Vizio—were unsuccessful (even though the early attempts by competitors to develop Smart TVs were also relatively unsuccessful prior to Flex's innovations).

49.    Flex's approach to Smart TV design allow for multiple benefits over a normal TVs and early attempts by competitors—including Vizio—at developing Smart TVs. One important improvement is that Flex's approach enabled a Smart TV to present to a user an intuitive and easily operable overlay, rather than a cumbersome desktop approach, that provides a seamless user interaction capability in the television environment.

50.    Flex applied for and was granted dozens of patents that relate to intelligent TV technologies and the benefits derived therein, including the Asserted Patents.

51.    Flex subsequently assigned the Asserted Patents to Multimedia.

52.    To the extent necessary, Multimedia has complied with all applicable requirements of 35 U.S.C § 287 at all relevant times for each of the Asserted Patents. To the extent necessary, on information and belief, each prior owner of the Asserted Patents has complied with all applicable requirements of 35 U.S.C. § 287 at all relevant times for each of the Asserted Patents.

53.    The Asserted Patents are directed to, *inter alia*, methods for using and systems of intelligent TVs that, for example, employ novel user interfaces in a television environment. The claims of the Asserted Patents cover specific improvements in the field of televisions and television user interfaces that go beyond what was well-understood, routine, and conventional to solve then-existing problems in the field.

54.    The inventions claimed in the Asserted Patents directly addressed problems in the prior art. Generally, a Smart TV is "a device that integrates access to the Internet and Web 2.0 features into television sets" and "represent[ed] the trend of technological convergence between computers and television sets." *See, e.g.,* '168 Patent at 1:51-54. Smart TVs allow for access to "online interactive media, Internet TV, on-demand streaming media" and do not generally "focus on traditional broadcast media" although they typically provide access to same. *Id*. at 1:55-57. Prior art Smart TV systems failed to, *inter alia*, "provide seamless and intuitive user interfaces for navigating and/or executing the various features of the Smart TV." *Id*. at 1:57-59. Accordingly, there remained "a need for an Intelligent TV with intuitive user interfaces and with seamless user interaction capability." *Id*. at 1:66-67. This need, among others, is addressed by the inventions claimed by the Asserted Patents and "by the various aspects, embodiments, and/or configurations" described and claimed by the Asserted Patents. *Id*. at

2:1-3.

55.     Whereas the prior art failed to provide for, *inter alia*, a "seamless and intuitive"
user interface in the Smart TV environment, the Asserted Patents claim inventions that provide
this functionality, as exemplified by the disclosures of the specification(s) of the Asserted
Patents. For example, and without limitation, the Asserted Patents disclose: (1) global panels
that enable users to navigate Smart TV offerings, and associated panels employed and oriented
in novel ways to facilitate navigation of the Smart TV as well as panels that sort and provide
content in either digest or detail view (*see, e.g.*, '040 Patent at 29:32-32:59; '168 Patent at 44:56-
46:35; '174 Patent at 29:62-37:54; '255 Patent at 59:37-60:12; '384 Patent at 25:17-28); (2)
remote controls that enable a user to navigate the Smart TV (*see, e.g.*, '254 Patent at 22:57-23:7,
24:1-25:10, 32:51-33:21); (3) search functionality that provides the functionality to effectively
search local and non-local content in the Smart TV environment (*see, e.g.*, '805 Patent at 11:12-
21, 17:44-62; (4) tracking and presenting content in the Smart TV environment in ways that
enable users to effectively identify and access the desired content (*see, e.g.*, '325 Patent at 23:24-
32, 34:22-46, '527 Patent at 23:61-24:3, 35:7-32).

56.     Upon information and belief, Vizio was aware of the Hisense VIDAA TV and
the positive press that accompanied its launch.

57.     Upon information and belief, Vizio had actual knowledge of the '255, '168, '174,
'040, '384, '805, '393, '527, '928 and '325 Patents prior to the filing of this complaint.

58.     Upon information and belief, Vizio was and is aware of Flex's patents and was
or should have been aware of each of the Asserted Patents, at least because, upon information
and belief, Vizio was both developing technology and applying for patents in the same fields as
the Jamdeo joint venture, Hisense's VIDAA TV, and/or the Asserted Patents.

59.     Upon information and belief, in the course of developing technology and
applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV,

and/or the Asserted Patents, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the Asserted Patents.

60.    For example, on or about September 21, 2018, the USPTO examiner cited to Flex's Patent Publication No. US 2014/0053180 A1—which is related to the Asserted Patents—during prosecution of Vizio's U.S. Patent Application No. 15/467,834.

61.    Upon information and belief, Vizio was aware of or should have been aware of the Asserted Patents, at least because they relate to the same field of subject matter as other Asserted Patents—including family members of Flex's Patent Publication No. US 2014/0053180 A1—of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the Asserted Patents, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the Asserted Patents.

62.    Additionally, upon information and belief, Vizio was aware of or should have been aware of the Asserted Patents because in the course of developing technology and applying for patents in the same fields as the Asserted Patents, Vizio routinely monitors patent infringement litigation involving competitors in these fields. Accordingly, upon information and belief, Vizio was aware of or should have been aware of the Asserted Patents at least because Geoscope has asserted many of the Asserted Patents and other related patents against LG Electronics Inc. and LG Electronics USA, Inc. *See Multimedia Technologies Pte. Ltd. v. LG Electronics Inc.*, No. 2:22-CV-494 (E.D. Tex.).

**The Accused Products**

63.    Upon information and belief, Vizio was one of the first electronics producers to mass-market a Smart TV in the United States, and since 2016, the Vizio SmartCast operating

system ("SmartCast") has been installed on Vizio Smart TVs.

64.    Upon information and belief, Vizio has now sold numerous models of Smart TVs with SmartCast, each of which infringes the Asserted Patents. These models include, but are not limited to, all models of Vizio's currently offered lines of products—D-Series, V-Series, M-Series, P-Series, and OLED—as well as any previous versions or models of the currently offered lines of products and any other model of Vizio TV on which any version of SmartCast was installed    (collectively,    the    "Accused    Products").    *See,    e.g.*, https://www.vizio.com/en/tv/overview.

### Vizio's Acts of Infringement

65.    Vizio has made, used, sold, offered to sell and/or imported infringing products, and continues to do so, including the Accused Products.

66.    By doing so, Vizio has directly infringed the Asserted Patents.

67.    Vizio has engaged and continues to engage in a pattern of conduct intended to induce and/or contribute to the infringement of others, such as its customers and end-users. These actions have included and include making, selling, offering to sell, and/or importing products that infringe the Asserted Patents.

68.    Through its actions, Vizio induces and/or contributes to the infringement of the Asserted Patents, and thus indirectly infringes the Asserted Patents.

69.    There is an actual, substantial, and continuing justiciable controversy between Multimedia and Vizio regarding Vizio's infringement of the Asserted Patents. Absent a judgment and injunction from this Court, Vizio will continue to infringe the Asserted Patents and continue to cause damage and irreparable harm to Multimedia.

70.    Despite being aware and having knowledge of Multimedia's patents—including the Asserted Patents—and recognizing the value and benefits of Multimedia's patented technology, Vizio has elected to infringe the Asserted Patents, including by incorporating

Multimedia's technology into at least the Accused Products.

71.    Vizio's infringement of each Asserted Patent is willful. Vizio continues to commit acts of infringement despite awareness of the Asserted Patents and a high likelihood that its actions constitute infringement, and Vizio knew or should have known that its actions constituted an unjustifiably high risk of infringement, at least because of, upon information and belief, Vizio's familiarity with the Asserted Patents and the fields to which they relate (including the fields to which Vizio's Accused Products relate) as part of its development of the Accused Products, and its monitoring of the Jamdeo joint venture, Hisense's VIDAA TV, and the Asserted Patents, press related thereto, patents issuing therefrom, and litigation relating to competitors.

72.    Vizio's acts of infringement have been willful as of the date it became aware of the patented technology/invention(s) and/or the Asserted Patents, and no later than the filing of this complaint for patent infringement and/or the date this complaint for patent infringement was served on Vizio.

**V. COUNT ONE - (Infringement of U.S. Patent No. 9,055,255)**

73.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

74.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '255 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '255 Patent.

75.    For example Claim 1 provides:

(1.0)   A method of presenting a user interface implemented on an intelligent
television (TV), comprising:

(1.1)   running, via a processor associated with the intelligent television, a live TV
application, wherein the live TV application is configured to control one or
more interactive user functions of the intelligent TV;

(1.2)   presenting, substantially simultaneously via a display of the intelligent TV, live
TV broadcast content, wherein the live TV broadcast content is presented to a
first portion of the display, wherein the first portion of the display includes
substantially an entire area of a screen of the TV;

(1.3)   receiving a first live TV application input at the intelligent TV;

(1.4)   determining, by the processor and in response to receiving the first live TV
application input, a first live TV application feature to present via the display,
wherein the one or more interactive user functions of the intelligent TV are
controlled via the first live TV application feature;

(1.5)   presenting, via the display, the first live TV application feature to a second
portion of the display, wherein the second portion of the display overlaps at
least a portion of the first portion of the display, wherein the second portion of
the display includes less than the entire area of the screen of the TV, and
wherein at least part of the second portion is either transparent or translucent;

(1.6)   receiving a home screen input at the intelligent TV;

(1.7)   determining, by the processor and in response to receiving the home screen
input, a global panel feature to present via the display, wherein the one or more
interactive user functions of the intelligent TV are controlled via the global
panel feature; and

(1.8)   presenting, via the display, the global panel feature to a third portion of the
display, wherein the third portion of the display overlaps at least a portion of
the first portion of the display, wherein the third portion of the display includes
less than the entire area of the screen of the TV, wherein at least part of the
third portion of the display is either transparent or translucent, and wherein a
first location of the third portion of the display is different from a second
location of the second portion of the display.

76.    By way of example, and again without limitation, Vizio has directly infringed

the '255 Patent, and continues to do so, by providing a device that is capable of performing or

allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1,

the Accused Products are televisions that are capable of receiving input (*e.g.*, pressing different

directions (such as "up" or "right") on the remote control or pressing the "home" or "OK"

buttons) while displaying TV content. Upon receiving an input (*e.g.* pressing "info"), the Accused Products display an application panel interface that identifies at least one of a content source and content information associated with the content currently being displayed or, alternately, upon receiving an input (*e.g.*, by pressing left), the Accused Products display a global panel, wherein each of the panels are displayed in different portions of the Accused Products' screen, and wherein each of the panels is at least partially translucent or transparent, allowing the continued display of the TV content being shown.

77.    Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '255 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '255 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '255 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '255 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '255 Patent.

78.    Vizio itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '255 Patent (including, without limitation, the claims addressed above) pursuant to 35

U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '255 Patent, that constitute a material part of the invention(s) claimed in the '255 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '255 Patent.

79.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '255 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

80.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '255 Patent been willful.

## VI. COUNT TWO - (Infringement of U.S. Patent No. 9,232,168)

81.    Vizio realleges and incorporates by reference each of the preceding paragraphs.

82.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '168 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '168 Patent.

83.    For example, claim 1 provides:

(1.0)    A method for providing a user interface in an intelligent television, the method comprising:

(1.1)    receiving, by a processor of the intelligent television, a selection associated with a first navigation bar in the user interface of the intelligent television;

(1.2)   determining if a second user interface, associated with the selection, can contain a second navigation bar;

(1.3)   if a second user interface, associated with the selection, can contain a second navigation bar, rendering a horizontal navigation bar as the second navigation bar in the second user interface; and

(1.4)   if a second user interface, associated with the selection, can not contain a second navigation bar, rendering a different user interface device for the second navigation bar in the second user interface.

84.   By way of example, and again without limitation, Vizio has directly infringed the '168 Patent, and continues to do so, by providing a device capable of performing or that allows a user to perform the method of Claim 1. On information and belief, the Accused Products are televisions that via the processor, are capable of displaying a user interface that has a first navigation bar (*e.g.*, the display rendered upon pressing the "home" button on the remote control) and are further capable of, upon selecting an icon, displaying a second user interface (*e.g.*, a second ribbon of applications, icons, or options) in one of several different orientations, depending on whether a second navigation bar can be rendered horizontally on the Accused Products' screen.

85.   Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '168 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '168 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture,

Hisense's VIDAA TV, and/or the '168 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '168 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '168 Patent.

86.    Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '168 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '168 Patent, that constitute a material part of the invention(s) claimed in the '168 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '168 Patent.

87.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '168 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

88.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '168 Patent has been willful.

**VII. COUNT THREE - (Infringement of U.S. Patent No. 9,247,174)**

89.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

90.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '174 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or

importing systems and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '174 Patent.

91.    For example, Claim 1 provides:

(1.0)    A method for displaying content on a television, comprising:

(1.1)    receiving a first input via an input device associated with the television;

(1.2)    in response to the first input, displaying, via the television, an application panel interface;

(1.3)    determining content currently being shown on the television;

(1.4)    identifying at least one of a content source and content information associated with the content currently being displayed via the television;

(1.5)    based on the content and the at least one of the content source and the content information, providing a first content panel in the application panel interface, wherein the first content panel is a first type of application panel;

(1.6)    receiving a first directional input via the input device associated with the television;

(1.7)    determining, based on a first direction associated with the first directional input, a second content panel to display via the television in the application panel interface, wherein the second content panel is a second type of application panel;

(1.8)    retrieving, from memory, a second content information based on the second type of content panel; and

(1.9)    displaying, via the television, the second content information in the second content panel.

92.    By way of example, and again without limitation, Vizio has directly infringed the '174 Patent, and continues to do so, by providing a device that is capable of performing or that allows a user to perform the method of Claim 1. The Accused Products are televisions that comprise an input device associated with the television (*e.g*, the remote control), a memory, and a microprocessor that receives a first input via a remote control (*e.g.*, pressing different

directions (such as "up" or "left") on the remote control). Upon receiving an input, the Accused Products display an application panel interface that identifies at least one of a content source and content information associated with the content currently being displayed (*e.g.*, information displayed in panels in different portions of the Accused Products' screen).

93.    Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '174 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '174 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '174 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '174 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '174 Patent.

94.    Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '174 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '174 Patent, that constitute a material part of the invention(s)

claimed in the '174 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '174 Patent.

95.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '174 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

96.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '174 Patent has been willful.

**VIII. COUNT FOUR - (Infringement of U.S. Patent No. 9,510,040)**

97.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

98.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '040 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '040 Patent.

99.    For example, Claim 1 provides:

(1.0)    A method of displaying content on a television, comprising:

(1.1)    receiving, by a processor, an indication associated with a selection by a user;

(1.2)    determining, by the processor, based on the received indication, a global panel to display via the television;

(1.3)    retrieving, by the processor, from memory, a first content information for display in the global panel; and

(1.4)    displaying, via the television, the retrieved content information in the global panel, wherein the global panel includes a list of sources of content for the intelligent television, wherein at least one of the sources is highlighted as being associated with the first content information, and wherein the sources include a live television source, a video on demand source, a media center source, an applications source, and an electrical input associated with the television.

100.    Vizio has directly infringed the '040 Patent, and continues to do so, by providing a device that is capable of performing or that allows a user to perform the method of Claim 1. For example, with respect to Claim 1, the Accused Products are televisions that are capable of receiving, by a processor, a first input via a remote control (*e.g.*, pressing the "home" button). Upon receiving an input from the "home" button, the Accused Products display a global panel that includes a list of sources of content for the Accused Products, including a live television source (*e.g.* broadcast or internet TV), a video on demand source (*e.g.*, Netflix app), a media center source (*e.g.*, music apps), an applications source (*e.g.*, the "Apps" menu), and an electrical input associated with the television (*e.g.*, HDMI ports), as well as an indication as to which source is associated with a first content information displayed in the global panel (*e.g.*, an indication as to what an HDMI port is associated with, such as cable input or an indication as to source by displaying in the top ribbon of icons video previews of the content associated with source).

101.    Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '040 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '040 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was

aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '040 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '040 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '040 Patent.

102.    Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '040 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '040 Patent, that constitute a material part of the invention(s) claimed in the '040 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '040 Patent.

103.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '040 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

104.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '040 Patent has been willful.

### IX. COUNT FIVE - (Infringement of U.S. Patent No. 9,578,384)

105.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

106.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners,

has directly infringed, literally or under the doctrine of equivalents, claims of the '384 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '384 Patent.

107.    For example, Claim 1 provides:

(1.0)    A method for providing video-on-demand (VOD) in an intelligent television, the method comprising:

(1.1)    receiving, by a processor of the intelligent television, a first selection for a VOD content;

(1.2)    in response to the first selection, providing, by the processor, a master view of the VOD content, wherein the master view presents two or more collections of the VOD content organized by a characteristic of the VOD content;

(1.3)    receiving, by the processor, a second selection for a VOD content;

(1.4)    in response to the second selection, providing, by the processor, a collection view of VOD content, wherein the collection view presents two or more items of the VOD content having the characteristic;

(1.5)    receiving, by the processor, a third selection for a VOD content;

(1.6)    in response to the third selection, providing, by the processor, either a detail view or a digest view of VOD content, wherein the detail view presents information about a selected item of the VOD content, and wherein the digest view presents information about a set of the VOD content that are associated with a series, wherein providing either a detail view or a digest view of the VOD content comprises:

(1.7)    determining, by the processor, if the selection in the collection view is for a series or one of a movie or single show;

(1.8)    if the selection in the collection view is for a series, providing, by the processor, the digest view; and

(1.9)    if the selection in the collection view is for one of a movie or single show, providing, by the processor, a detail view, wherein a navigation to view VOD content is an ordered set of user interfaces, and wherein the order includes a master view at a top level, a collection view at a second level, either a digest

view or detail view at a third level, and a player view at a fourth and bottom
level.

108.    By way of example, and without limitation, Vizio has directly infringed the '384
Patent, and continues to do so, by providing a device that is capable of performing or that allows
a user to perform the method of Claim 1. On information and belief, the Accused Products are
televisions that are capable of receiving a first selection for VOD content, after which the
television presents a master view of VOD content with at least two collections (*e.g.* Netflix and
Amazon Prime). The Accused Products are further capable of receiving a second selection of
VOD content, which presents a collection view (e.g., the content offered by Netflix). The
Accused Products are further capable of receiving a second selection of VOD content, which
presents either a digest or detail view in accordance with the claim, and are further capable of
receiving a fourth selection of an episode or movie, which launches the player view.

109.    Upon information and belief, Vizio, by itself and/or through its subsidiaries,
affiliates, agents, and/or business partners, has induced the direct infringement of the '384 Patent
by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within
this District at least by one or more of: making, selling, offering to sell, and importing the
Accused Products, and though activities relating to selling, marketing, advertising, promotion,
support, and distribution of the Accused Products. Upon information and belief, Vizio had or
should have had actual knowledge of the '384 Patent at least because it relates to the same field
of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was
aware and which was cited during prosecution of Vizio's patents, and because in the course of
developing technology and applying for patents in the same fields as the Jamdeo joint venture,
Hisense's VIDAA TV, and/or the '384 Patent, Vizio routinely monitored patents, patent
applications, and non-patent literature related to those fields, the positive press associated with
the same, and litigation against competitors regarding same, including the '384 Patent On

information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '384 Patent.

110.    Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '384 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '384 Patent, that constitute a material part of the invention(s) claimed in the '384 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '384 Patent.

111.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '384 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

112.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '384 Patent has been willful.

### X. COUNT SIX - (Infringement of U.S. Patent No. 10,419,805)

113.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

114.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '805 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at

least claim 1 of the '805 patent.

115.    For example, Claim 1 provides:

(1.0)    A method of providing content for a television (TV), the method comprising:

(1.1)    receiving, by a processor, data relevant to one or more scheduled events from
one of a corresponding subservice of a plurality of subservices, wherein the
plurality of subservices comprises a video-on-demand (VOD) subservice,
electronic programming guide (EPG) subservice, and a media subservice

(1.2)    organizing, by the processor, the data according to a pre-defined format
corresponding to each of the plurality of subservices, wherein the pre-defined
format comprises one of a VOD data model, an EPG data model and a media
data model, wherein organizing the data according to the pre-defined format
comprises converting the data received from the subservice into the pre-defined
format of the corresponding data model and wherein each of the VOD data
model, EPG data model, and media data model provide a uniform format for
the plurality of subservices; and

(1.3)    providing, by the processor, the organized data to one or more of a plurality of
content provider modules of the TV.

116.    By way of example, and again without limitation, Vizio has directly infringed
the '805 Patent, and continues to do so, by providing a device that is capable of performing or
allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1,
the Accused Products are televisions capable of displaying VOD content, EPG content, and
Media content based on a uniform format for each type of content. For example, the Accused
Products comprise an electronic programming guide (EPG) subservice—*e.g.*, the panel
displayed upon pressing "up" on the remote—which displays data organized in the uniform
format of the corresponding data model. As another example, the Accused Products are capable
of receiving input to execute a search function. Upon execution of the search function—
accessible upon pressing the "home" button on the remote control—the Accused Products
render a search panel that displays the data organized in the uniform format of the corresponding
data model.

117.    Upon information and belief, Vizio, by itself and/or through its subsidiaries,

affiliates, agents, and/or business partners, has induced the direct infringement of the '805 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '805 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '805 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '805 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '805 Patent.

118.    Vizio itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '805 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '805 Patent, that constitute a material part of the invention(s) claimed in the '805 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '805 Patent.

119.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '805 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover

damages pursuant to 35 U.S.C. § 284.

120.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '805 Patent been willful.

## XI. COUNT SEVEN - (Infringement of U.S. Patent No. 9,215,393)

121.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

122.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '393 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '393 patent.

123.    For example, Claim 1 provides:

(1.0)    A method of reporting status of a television, comprising:

(1.1)    a processor determining that a new reporting period has begun;

(1.2)    in response to the processor determining that the new reporting period has begun, the processor formatting a report having at least one attribute of the television, wherein the report comprises a set of core data associated with substantially static attributes of the television;

(1.3)    the processor storing the report in a non-volatile memory associated with the television;

(1.4)    the processor maintaining the stored report in the non-volatile memory until a transmission period, wherein a delay exists between storing the report and the transmission period;

(1.5)    the processor determining that a new transmission period has begun;

(1.6)    in response to the processor determining that the new transmission period has begun and during the transmission period, the processor determining that the stored report is unsent;

(1.7)  if the report is unsent, the processor transmitting the stored report to a receiver;

(1.8)  determining one or more of if the report was successfully transmitted and if the report was successfully received; and

(1.9)  in response to one or more of successfully transmitting and successfully receiving the stored report, the processor deleting the transmitted report from the non-volatile memory.

124.  By way of example, and again without limitation, Vizio has directly infringed the '393 Patent, and continues to do so, by providing a device with a processor that is capable of preparing usage reports—as indicated by the prompts provided upon first activation of the television to accept Vizio's policies on reporting data as well as by Vizio's online data privacy policies—wherein the report comprises a set of core data associated with substantially static attributes of the television. *See, e.g.,* Viewing Data Supplement to the Privacy Policy, available at https://www.vizio.com/en/terms/privacy-policy/viewing-data-privacy-policy (last accessed March 24, 2023) ("VIZIO will use ACR technology to collect information about the audio and video programming content playing on the display unit including broadcast television, advertisements and other commercially available content (including volume, channel information, picture controls, and inputs), and other information, like when the device is off/on or if the content was viewed live or at a later time . . . The ACR software also periodically collects other information about the TV or display, including IP address . . . VIZIO associates Viewing Data with other data about the performance, settings, or features of particular VIZIO devices . . . ."). Upon information and belief, the processor sends the usage reports to Vizio during a transmission period, and deletes the transmitted report upon successful transmission.

125.  Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '393 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the

Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '393 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '393 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '393 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '393 Patent.

126.    Additionally, Vizio itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '393 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '393 Patent, that constitute a material part of the invention(s) claimed in the '393 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '393 Patent.

127.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '393 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

128.    Upon information and belief, as set forth in detail above, Vizio's infringement of

the '393 Patent been willful.

## XII. COUNT EIGHT - (Infringement of U.S. Patent No. 9,426,527)

129.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

130.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '527 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '527 Patent.

131.    For example Claim 1 provides:

(1.0)    A method for providing video-on-demand (VOD) in an intelligent television, the method comprising:

(1.1)    receiving, by a processor of the intelligent television, content for two or more items of VOD content;

(1.2)    determining, by the processor, metadata characteristics for the two or more items of VOD content;

(1.3)    creating, by the processor, a file for each item of VOD content;

(1.4)    storing, by the processor, the metadata characteristics with the content in the file in a database for each of the two or more items of VOD content;

(1.5)    receiving, by the processor, a criteria to sort the two or more items of VOD content, wherein the criteria is associated with three or more metadata characteristics, wherein the metadata characteristics include one or more of a location at which the content was created, a time at which the content was created, or a genre associated with the content; and

(1.6)    providing, by the processor, a first view of two or more thumbnails associated with each of the sorted two or more items of VOD content based on the metadata characteristic and criteria, wherein the first view includes two or more thumbnails associated with the two or more items of VOD content, and wherein the first view is sorted based on at least three of the metadata characteristics.

132.    By way of example, and again without limitation, Vizio has directly infringed the '527 Patent, and continues to do so, by providing a device that is capable of performing or allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1, the Accused Products are televisions with a memory operable to store video-on-demand (VOD) content and a processor in communication with the memory. Upon information and belief, the Accused Products' processor executes a VOD data service that: (1) receives content for two or more items of VOD content (*e.g.*, shows or movies accessible through the VOD service); (2) determines metadata characteristics (*e.g.* genre, type of content, such as movie or television show) for the VOD content and (3) creates a file for each item of VOD content; stores the metadata characteristics with the content in the file for each of the two or more items of VOD content. The Accused Products' processor is further capable of receiving a criteria to sort the two or more items of VOD content—by, for example, executing a search function from the home menu—wherein the criteria is associated with three or more metadata characteristics, such as the genre of the VOD content. Upon executing the search function from the home menu, the Accused Products provide a first view of two or more thumbnails associated with each of the two or more items of VOD content based on the metadata characteristic and the criteria, sorted based on at least three of the metadata characteristics. For example, in response to a search, the Accused Products are capable of presenting a view of two or more thumbnails associated with VOD content, sorted by genre, content source, and type of content (*e.g.*, movie or television show).

133.    Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '527 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion,

support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '527 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '527 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '527 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '527 Patent.

134.   Vizio itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '527 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '527 Patent, that constitute a material part of the invention(s) claimed in the '527 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '527 Patent.

135.   As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '527 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

136.   Upon information and belief, as set forth in detail above, Vizio's infringement of the '527 Patent been willful.

### XIII. COUNT NINE - (Infringement of U.S. Patent No. 9,077,928)

137.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

138.    Vizio, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '928 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. Vizio has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, Vizio has directly infringed at least claim 1 of the '928 patent.

139.    For example, Claim 1 provides:

(1.0)    A method of electronic component operation, whereby the component performs:

(1.1)    one or more of capturing and receiving data associated with usage of a television including one or more of activity data, application data, application manager data, system time/date information and activity data associated with another component of the television;

(1.2)    storing the data;

(1.3)    determining whether a report is a first report associated with a first power-up of the television;

(1.4)    determining a report number for the report, the report number usable to estimate when the report was generated;

(1.5)    generating the report by aggregating the one or more of the captured and received data and appending the determined report number to the report, wherein the first report is formatted to include first report information, and subsequent reports include customized information; and

(1.6)    transmitting the report.

140.    By way of example, and again without limitation, Vizio has directly infringed the '928 Patent, and continues to do so, by providing a device with a component that is capable of preparing usage reports—as indicated by the prompts provided upon first activation of the

television to accept Vizio's policies on reporting data as well as by Vizio's online data privacy policies—wherein the report comprises data indicating at least system time/date information, *i.e.* the specific date and time the report was generated, and activity data. *See, e.g.,* Viewing Data Supplement to the Privacy Policy, available at https://www.vizio.com/en/terms/privacy-policy/viewing-data-privacy-policy (last accessed March 24, 2023) ("VIZIO will use ACR technology to collect information about the audio and video programming content playing on the display unit including broadcast television, advertisements and other commercially available content (including volume, channel information, picture controls, and inputs), and other information, like when the device is off/on or if the content was viewed live or at a later time . . . The ACR software also periodically collects other information about the TV or display, including IP address . . . VIZIO associates Viewing Data with other data about the performance, settings, or features of particular VIZIO devices . . . ."). Upon information and belief, the component further determines whether a report is a first report associated with a first power-up of the television, determines a report number, and generates and transmits to Vizio a report that comprises the data, the report number, and, if relevant, first report information.

141.    Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '928 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '928 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0053180 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture,

Hisense's VIDAA TV, and/or the '928 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '928 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '928 Patent.

142.    Vizio itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '928 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '928 Patent, that constitute a material part of the invention(s) claimed in the '928 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '928 Patent.

143.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '928 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

144.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '928 Patent been willful.

## IX. COUNT TEN - (Infringement of U.S. Patent No. 9,185,325)

145.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

146.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '325 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or

importing devices and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '325 Patent.

147.    For example Claim 1 provides:

(1.0)    A method for providing video-on-demand (VOD) in an intelligent television, the method comprising:

(1.1)    providing, by a processor of the intelligent television, a first catalog view including at least three different items of VOD content on a display of the intelligent television, wherein each of the at least three different items of VOD content have a watched status comprising one of a not watched status, a partially watched status, and a fully watched status;

(1.2)    providing, with the first catalog view, a first user interface device displayed on the display of the intelligent television to sort the at least three different items of VOD content by the watched status;

(1.3)    receiving a first selection of the first user interface device to sort the at least three different items of VOD content of the first catalog view based on a first one of the not watched status, the partially watched status, and the fully watched status, wherein the first user interface device is used to select between the three watched statuses;

(1.4)    providing a second catalog view of one or more different items of VOD content each with the first one of the not watched status, the partially watched status, and the fully watched status, wherein the first user interface device is displayed with the second catalog view;

(1.5)    receiving a second selection of the first user interface device to sort the at least three different items of VOD content of the first catalog view based on a second one of the not watched status, the partially watched status, and the fully watched status; and

(1.6)    providing a third catalog view of one or more different items of VOD content each with the second one of the not watched status, the partially watched status, and the fully watched status.

148.    By way of example, and again without limitation, Vizio has directly infringed the '325 Patent, and continues to do so, by providing a device that is capable of performing or allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1,

the Accused Products are televisions with a memory operable to store video-on-demand (VOD) content; a display; and a processor in communication with the memory and the display. The Accused Products display (for example, without limitation, via the pre-installed Netflix application), a user interface provides a first catalog view including at least three different items of VOD content. Each of the at least three different items of VOD content have a watched status comprising one of a not watched status, a partially watched status, and a fully watched status, as indicated by the icons on, for example, the preinstalled Netflix application. The first catalog view includes a first user interface device displayed to sort the at least three different items of VOD content by the watched status, and the Accused Products are capable of receiving a first selection of the first user interface device to sort the at least three different items of VOD content of the first catalog view based on a first one of the not watched status, the partially watched status, and the fully watched status. Upon selecting between the three watched statuses, the Accused Products provide a second catalog view of one or more different items of VOD content each with the first one of the not watched status, the partially watched status, and the fully watched status, wherein the first user interface device is displayed with the second catalog view.

149. Upon information and belief, Vizio, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '325 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, Vizio had or should have had actual knowledge of the '325 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which Vizio was aware and which was cited during prosecution of Vizio's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture,

Hisense's VIDAA TV, and/or the '325 Patent, Vizio routinely monitored patents, patent applications, and non-patent literature related to those fields, the positive press associated with the same, and litigation against competitors regarding same, including the '325 Patent. On information and belief, Vizio has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '325 Patent.

150.    Vizio itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '325 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the'325 Patent, that constitute a material part of the invention(s) claimed in the '325 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '325 Patent.

151.    As a consequence of each of Vizio's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '325 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

152.    Upon information and belief, as set forth in detail above, Vizio's infringement of the '325 Patent been willful.

**JURY DEMAND**

153.    Multimedia requests a trial by jury for all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, Multimedia respectfully requests that the Court enter judgment against

Vizio:

A.    Determining that Vizio has infringed one or more claims of the '255 Patent;

B.    Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '255 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

C.    Declaring that Vizio's infringement of the '255 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

D.    Determining that Vizio has infringed one or more claims of the '168 Patent;

E.    Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '168 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

F.    Declaring that Vizio's infringement of the '168 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

G.    Determining that Vizio has infringed one or more claims of the '174 Patent;

H.    Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '174 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

I.    Declaring that Vizio's infringement of the '174 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

J.    Determining that Vizio has infringed one or more claims of the '040 Patent;

K.    Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '040 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

L.    Declaring that Vizio's infringement of the '040 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

M.    Determining that Vizio has infringed one or more claims of the '384 Patent;

N.    Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '384 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

O.    Declaring that Vizio's infringement of the '384 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

P.      Determining that Vizio has infringed one or more claims of the '805 Patent;

Q.      Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '805 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

R.      Declaring that Vizio's infringement of the '805 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

S.      Determining that Vizio has infringed one or more claims of the '393 Patent;

T.      Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '393 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

U.      Declaring that Vizio's infringement of the '393 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

V.      Determining that Vizio has infringed one or more claims of the '527 Patent;

W.      Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '527 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

X.      Declaring that Vizio's infringement of the '527 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

Y.      Determining that Vizio has infringed one or more claims of the '928 Patent;

Z.      Ordering Vizio to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizio's infringement of the '928 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

AA.    Declaring that Vizio's infringement of the '928 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

BB.    Determining that Vizio has infringed one or more claims of the '325 Patent;

CC.    Ordering Vizo to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of Vizo infringement of the '325 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

DD.    Declaring that Vizio infringement of the '325 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

EE.    Ordering that Vizio be ordered to pay supplemental damages to Multimedia, including interest, with an accounting, as needed, of all infringements and/or damages not presented at trial;

FF.    Declaring that this case is exceptional and awarding Multimedia its costs and attorney's fees in accordance with 35 U.S.C. § 285;

GG.    Ordering a permanent injunction prohibiting Vizio from further acts of infringement; and

HH.    Granting Multimedia such other and further relief as the Court may deem just and proper.

Dated:  March 24, 2023                    Respectfully submitted,


                                          */s/ Robert Christopher Bunt*

                                          Timothy K. Gilman
                                          (*pro hac vice* to be filed)
                                          Saunak K. Desai
                                          (*pro hac vice* to be filed)
                                          Gregory R. Springsted
                                          (*pro hac vice* to be filed)
                                          STROOCK & STROOCK & LAVAN LLP
                                          180 Maiden Lane
                                          New York, NY 10038-4982
                                          Tel: (212) 806-5400
                                          Fax: (212) 806-6006
                                          Email: tgilman@stroock.com
                                          Email: sdesai@stroock.com
                                          Email: gspringsted@stroock.com

                                          Robert Christopher Bunt
                                          Texas Bar No. 00787165
                                          PARKER, BUNT & AINSWORTH PC
                                          100 E. Ferguson St., Suite 418
                                          Tyler, Texas 75702
                                          Telephone: (903) 531-3535
                                          Email: rcbunt@pbatyler.com

                                          *Attorneys for Plaintiff Multimedia*